O’Neill, J.
The two important questions to be determined are: (1) Was Kozell an insured of Continental at the time of the accident? (2) Was the 1955 Dodge automobile, which he had purchased from the owner, the Euclid Ford Company, and which had been delivered to him at the time of purchase, covered at the time of the accident by the garage liability insurance policy issued by Continental to the Euclid Ford Company?
These questions are raised by the supplemental petition, wherein it is alleged “that Andrew J. Kozell and said 1955 Dodge automobile were then and there insured by the new party defendant, Continental Casualty Company, against liability on account of any suit or judgment for property damage, loss of use and other expenses occasioned while Andrew J. Kozell was operating said 1955 Dodge automobile,” and by the answer of Continental that “ * * * said new party defendant herein denies prior to, and at the time referred to in the supplemental petition of the plaintiff herein said Andrew J. Kozell was a named insured in any policy of insurance written by said new party defendant; * * * defendant herein denies each and every other allegation and averment made and contained in the supplemental petition # # * J?
Plaintiff is not a named insured in the policy referred to in the supplemental petition.
Plaintiff relies upon the language in a policy of insurance, No. AGL3711240, issued by Continental to the Euclid Ford Company, effective October 1, 1960. The portion relied upon is: “III. Definition of Insured * * * (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the *335 actual use of the automobile is by the named insured or with his permission.”
Plaintiff’s position is that Kozell purchased the car involved in the accident from the Euclid Ford Company and took possession and delivery, but that a certificate of title had not yet been issued to him at the time of the accident, and the owner of the car, at the time of the accident, was the Euclid Ford Company; that Kozell was a user with permission of the owner, the Euclid Ford Company; and that, therefore, Kozell was an insured and the car was insured under Continental’s policy according to the law as pronounced by this court in the case of Brewer v. DeCant, 167 Ohio St., 411, the third paragraph of the syllabus of which reads as follows:
“Where a purchaser contracts to buy an automobile and takes possession thereof from an automobile dealer [covered by a standard garage liability insurance policy containing the above-quoted provision] and uses the automobile, such use is a use with the permission of the dealer until such time as a certificate of title thereto is issued to the purchaser.”
Continental’s position is that the endorsement in its policy, reading that “it is agreed that coverage under this policy is extended to include vehicles until delivery is made to either the original purchaser or person so designated by the insured as the one for whom delivery was intended,” extends the coverage until such time as delivery of a car is made by the automobile dealer to the purchaser, and then such coverage ceases.
No such endorsement was a part of the policy in either Brewer v. DeCant, supra, or Ohio Farmers Ins. Co. v. Hoosier Casualty Co., supra.
It seems clear that the language of the endorsement extends coverage of an automobile owned by a dealer and covered by a garage liability policy to a person driving it with permission of the dealer-owner to the time when such automobile has been purchased and has been delivered to the purchaser. Paragraphs two and three of the syllabus of Brewer v. DeCant, supra, and paragraphs one and two of the syllabus of Ohio Farmers Ins. Co. v. Hoosier Casualty Co., supra, recognize the distinctions among an owner, a purchaser and a user of an automobile.
Plaintiff argues that this endorsement is a limitation upon the liability of the insurance company, and that in any dispute *336 between the parties to an insurance contract concerning the construction of the language of the contract, such language must be construed against the insurer, i. e., the party drafting the language.
There are two weaknesses in this argument. First, the plaintiff is not a party to this contract of insurance and, therefore, is not in a position to urge, as one of the parties, that the contract be construed strictly against the other party. Second, the construction urged by the plaintiff would be a disadvantage to both parties to the contract. It would make Continental liable for damages for which its named insured is not liable and for a hazard not covered by the policy, and the Euclid Ford Company has no interest in covering the purchaser of an automobile for liability for property damage which such purchaser causes through his negligent operation of the automobile after the company has delivered it to him. This could only result in higher insurance premiums for the Euclid Ford Company. An insured gets the coverage he pays for, and, if the coverage is to be increased beyond that which he needs or for which the policy provides, the premiums will necessarily be increased. Therefore, the plaintiff who is not a party to the contract is not in a position to urge a construction of the contract which would be detrimental to both parties to the contract.
This case is not in conflict with the case of Ohio Farmers Ins. Co. v. Hoosier Casualty Co., supra, and is distinguishable from it and Brewer v. DeCant, supra, on the ground that the policy in each of those cases did not contain the endorsement which is a part of the policy in this case. This endorsement provides, in effect, that, when a permissive user of an automobile owned by an automobile dealer, named insured under a garage liability policy, becomes the purchaser of such automobile and accepts delivery from the insured dealer-owner, the coverage on the automobile for property damage caused by the negligence of the purchaser while driving such automobile ceases at the time of the acceptance of delivery by the purchaser.
Therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taut, C. J., Zimmerman, Matthias, Grieeith, Herbert and Gibson, JJ., concur.